RIO STATE BANK, Respondent, vs. AMONDSON, Appellant.

*November 13—December 7, 1909.*

*Banks and banking: Cashier's liability for shortage in cash.*

1. A by-law of a bank, made part of the cashier's contract of employment, providing that he should be "responsible for all moneys, funds, and valuables of the bank" renders him liable for shortages resulting from mistakes or malfeasance of his assistant, although the by-laws make such assistant personally liable for moneys coming into his possession.

2. Proof that according to the books of the bank, kept by the cashier and his subordinates, certain amounts had on different days been received by the bank which had never been accounted for in the cash was, in the absence of explanation, *prima facie* proof that moneys of the bank to that extent were missing.

3. The liability of the cashier for such shortages in the cash is not affected by the fact that on other days there was more cash in the drawer than the books called for.

APPEAL from a judgment of the circuit court for Columbia county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

This is an action by the plaintiff, a banking corporation, to recover $59.80 of the defendant, its former cashier, which sum it alleges he received and never accounted for. The defendant denied any shortage, and also alleged that if any shortage in fact occurred it was in his absence when the bank was in charge of an assistant cashier, and hence that he was not responsible therefor. The action was tried before a jury. It appeared that the defendant became the cashier of the bank upon its organization in the fall of 1900 and remained such until January 30, 1905; that at the time he was elected and entered on his duties a by-law of the corporation, which was known to him, provided that: "The cashier shall be responsible for all the moneys, funds, and valuables of the bank, and shall give bond with security . . . conditioned for the faithful and honest discharge of his duties as such cashier, and that he will faithfully apply and account for all such moneys,

funds, and valuables," etc.; that he gave a bond conditioned in the words of the by-law; that another by-law of the bank provided that the assistant cashier should be responsible for all such sums of money, property, and funds as might from time to time be placed in his hands by the cashier or otherwise come into his possession, and should also give bond for the faithful discharge of his duties; that Charles Caldwell was appointed assistant cashier and gave bond, but that he was in other business, and only acted when he was requested to take charge of the bank during occasional absences of *Mr. Amondson;* that during the year 1904 the bank books showed three shortages of cash which have never been, and could not be, explained, viz.: January 10th, $10.80; May 31st, $20; and October 11th, $29—making a total of $59.80; that upon other days, distant in point of time from the shortages, there were certain excesses of cash found, called "longs," amounting to $74.50, which never had been, and could not be, explained.

There was evidence tending to show that the assistant cashier, Caldwell, was actually in charge of the bank on the days when the shortages occurred, and, as this was the only question of fact in the case, the court submitted to the jury, asking in effect, as to each shortage, whether it occurred while the assistant cashier was in charge. The jury answered "Yes" to each question, and the court upon motion rendered judgment for the plaintiff for the amount of the shortages, notwithstanding the verdict, from which judgment the defendant appeals.

*W. C. Leilsch,* for the appellant.

*Daniel H. Grady,* for the respondent.

WINSLOW, C. J. The action is brought upon the contract of employment, not upon the bond. The trial court granted judgment for the plaintiff *non obstante,* for the reason that he deemed the defendant's liability was fixed by the by-law, and

in this conclusion we agree. The by-law, whose terms he knew and which became a part of his contract, provided that he should be "responsible for all the moneys, funds, and valuables of the bank." Words of broader meaning could hardly have been used. They indicate unmistakably the intent of the corporation to place the whole responsibility for the safe conduct of the bank's business upon the shoulders of the cashier, whether the actual transactions should be carried on by him or by subordinates. This intent appears all the more plainly by comparing the liability thus placed upon the cashier with the limited liability placed upon the assistant cashier by the other by-law referred to in the statement of facts. Whether the cashier is made an insurer so that he would have to replace funds destroyed by fire or taken by robbery is a question not involved in the case and hence not decided. We are fully satisfied that the language was intended to and does fairly cover losses resulting from mistakes or malfeasance of the cashier or his subordinates.

The proof here showed that according to the books of the bank, kept by the defendant and his subordinates, $59.80 had been received by the bank which had never been accounted for in the cash. In the absence of explanation (and none was offered), this was *prima facie* proof that moneys of the bank to that extent were missing. The fact that on other and different occasions there was more cash in the drawer than the books called for cannot affect the defendant's liability. He does not claim to have paid it in, and, if others paid it in without receiving credit for it, those others are the ones to whom the bank is liable for it, if to any one.

*By the Court.*—Judgment affirmed.